**AMERICAN LIFESTYLE HOMES, INC., Plaintiff,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant.**

No. 86–2407C(1).

United States District Court,
E.D. Missouri, E.D.

Sept. 8, 1989.

---

Michael J. McAvoy, McAvoy & Bumb, Fenton, Mo., for plaintiff.

Wesley Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

This action was originally filed in this Court on November 25, 1986. United States Magistrate Carol E. Jackson found that the district court lacked jurisdiction because the complaint alleges, in essence, a breach of contract by the Environmental Protection Agency, and seeks $22,000.00 in damages. The United States Claims Court has exclusive jurisdiction over such a claim under the Tucker Act, 28 U.S.C. § 1346(a). By her order of February 12, 1988, Magistrate Jackson transferred the case to the United States Claims Court. The Claims Court, by its order of August 8, 1989, 17 Cl.Ct. 711, has retransferred the case to this Court. The basis for the retransfer is the Claims Court's construction of the complaint as alleging a claim under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, over which the district courts have exclusive jurisdiction. 42 U.S.C. § 9613(b).

CERCLA authorizes the President to remove environmental hazards caused by the release of certain hazardous substances. The instant action arises out of damage to a mobile home, which occurred during the EPA's decontamination of the mobile home during a clean-up of dioxin in the Quail Run Mobile Home Park in Franklin County, Missouri. For the reasons delineated in Magistrate Jackson's order, this Court finds that the complaint is properly construed as stating a claim that the EPA breached its agreement with plaintiff relating to the decontamination of the mobile home. Resolution of plaintiff's claim does not require any interpretation of CERCLA,

which is only tangentially related to the events underlying this action. The Claims Court has exclusive jurisdiction over contract claims against the United States for more than $10,000.00. 28 U.S.C. § 1346(a). The Court thus finds that it lacks subject matter jurisdiction over this action, which must therefore be dismissed.